UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 7 |
| | § | |
| ALEXANDER E. JONES | § | Case No. 22-33553 (CML) |
| | § | |
| Debtor. | § | |
| | § | |
| | § | |
| CHRISTOPHER R. MURRAY, | § | |
| CHAPTER 7 TRUSTEE | § | Adv. No. 25-03420 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| RCGJ, LLC AND DAVID R. JONES, AS | § | |
| TRUSTEE OF THE ALEXANDER E. JONES | § | A JURY IS DEMANDED |
| DESCENDANT AND BENEFICIARY TRUST | § | |
| Defendants. | § | |

**DAVID R. JONES' AND RCGJ, LLC'S RESPONSE, ANSWER,
AND AFFIRMATIVE DEFENSES SUBJECT THERETO
JURY DEMAND AND NOTICE OF REQUEST FOR
WITHDRAWAL OF THE REFERENCE BACK
TO THE UNITED STATES DISTRICT COURT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant David R. Jones, as manager of RCGJ, LLC ("RCGJ" or "Defendant"), and David R. Jones, sued only in his capacity as the Trustee and agent for The Alexander E. Jones Descendant and Beneficiary Trust ("David Jones, Trustee") (collectively "David Jones Trustee and Manager"), who is the father of Alex Jones and who is *not* a named party to this Adversary, hereby files this Answer to the Complaint of Christopher R. Murray as the Chapter 7 Trustee of the Estate of Alexander E. Jones (the "Chapter 7 Trustee") for Turnover and Accounting by the Defendant [Docket #1], and in support thereof would show as follows:

# I.
# MOTION TO STRIKE
# IMMATERIAL, IMPERTINENT, OR SCANDALOUS MATTERS
# AND PRELIMINARY STATEMENT

1. Federal Rule 12(f), incorporated into the bankruptcy rules by Rule 9024, provides in relevant part that on motion or *sua sponte* "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."

2. "[T]he disfavored character of Rule 12(f) is relaxed somewhat in the context of scandalous allegations and matter of this type often will be stricken from the pleadings in order to purge the court's files and protect the subject of the allegations." 5A C. *Wright and A. Miller*, Federal Practice and Procedure (Civil) 2d § 1382, at 714 (1990);2 *see Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001) ("Generally, motions to strike are disfavored and usually granted only for scandalous material.") (citation omitted).

3. The striking of offensive material is particularly appropriate when the offensive material is not responsive to an argument but, rather, constitutes an inappropriate attempt to abuse the Court's process to attack an individual personally. *See, e.g., Magill v. Appalachia Intermediate Unit 08*, 646 F. Supp. 339, 343 (W.D. Pa. 1986) (striking allegations that "reflect adversely on the moral character of an individual who is not a party to this suit" which were "unnecessary to a decision on the matters in question"); *see also Pigford v. Veneman*, 215 F.R.D. 2, 4-5 (D.D.C. 2003)(striking unfounded accusations that opposing counsel was racist); *Murray v. Sevier*, 156 F.R.D. 235, 258 (D. Kan. 1994) (striking allegation that defendant and his counsel "bought off" and paid "hush money" to prospective witnesses); *Cairns v. Franklin Mint Co.*, 24 F. Supp. 2d 1013, 1037 (C.D. Cal. 1998) (striking allegation that "defendants are '[l]ike vultures feeding on the dead'"); *Nault's Automobile Sales, Inc. v. American Honda Motor Co.*, 148 F.R.D. 25, 29-34 (D.N.H. 1993) (noting that "[w]ith each passing week the pleadings assumed a more hostile and

accusatory tone" and striking scandalous assertions). Here, the materials sought to be striken allege conduct of Alex Jones and implication by David Jones, as Trustee and manager was a participant in fraudulent and intentional conduct with Alex Jone that is neither plausible nor truthful, but inserted, as shown below, to inflame the trier of fact and obtain the benefit unique to this case of spreading the untruth through this pleading to the national press that publishes most all allegations of wrongful accusatory conduct purported to be that of Alex Jones and his family.

4. The Trustee's new Adversary Proceeding deals with the demand for turnover of a condominium known as "Unit 5" located in Austin, Texas and originally acquired by Defendant RCGJ, LLC, a Texas limited liability company originally owned by Alex Jones. Although David Jones as Trustee and manager of RCGJ is the only named Defendant, almost all of the allegations deal with conduct alleged to have been committed by Alex Jones impliedly in concert with David Jones, some of which is known to Defendant.

5. By way of background, Alex Jones entered into a **March 18, 2016** residential /condo ("Unit 5") Contact pre-construction that allowed assignment of the Contract. Alex Jones shortly prior to the closing of the purchase of Unit 5 formed RCGJ, LLC (named for Rex, Charlott and Georgia, his children) in **March, 2017**, to close the sale in the name of this new limited liability company. David Jones agreed to serve as RCGJ as its manager inasmuch as it was formed to benefit his grandchildren Rex, Charlotte and Georgia Jones. As reflected by the name of the LLC's name, the condo Unit 5 was intended to be available to his grand children upon college in part to encourage them to remain in Austin for their undergraduate education.

6. To accomplish this, and again only shortly after the closing, Alex Jones retained a trust and estate lawyer who prepared and initiated The Alexander E. Jones Descendant and Beneficiary Trust, (the "**Descendant and Beneficiary Trust** ") **on March 28, 2017**, naming David

Jones as its sole Trustee. Thereafter, on **June 30, 2017** and so as to include Unit 5 as a Trust asset for his grandchildren as always contemplated, Alex Jones transferred ownership of RCGJ, LLC to the the Descendant and Beneficiary Trust by document prepared, on information and belief, by the same lawyer preparing the Descendant and Beneficiary Trust, which read as follows:

CONVEYANCE

Of 3504 Cawson Rd, Unit 5 of the Enclave to the
Aexander E Jones Descedant and Beneficiary Trust

On this the 30th day of June, 2017 I, David R Jones, manager of RCGJ, LLC do hereby irrevocably convey all title, rights, privileges and duties from the RCGJ LLC to the Alexander E Jones Descendant and Beneficiary Trust. *This conveyance shall survive the naming of subsequent managers and or members.* This conveyance may be edited to better effect this intended transition,

David R Jones
_____
Manager of RCGJ LLC

Importantly, this transfer was almost a year before the Connecticut and Texas litigation was filed against Alex Jones, without prior notice of demands of any sort. The purpose and intent of this Conveyance, evidenced by the language of the Conveyance, was to convey ownership of RCGJ, LLC to the Descendant and Beneficiary Trust. The Conveyance provided that the "… conveyance shall survive the naming of subsequent managers (of RCGJ, LLC) or members (of RCGJ, LLC)." If the conveyance was intended to convey real property it would make no sense to require recognition of new or future managers and members of a grantor RCGJ, LLC divesting itself of ownership of such real property. No such intent or effort was ever made to transfer the titlefrom RCGJ to the Descendant and Beneficiary Trust, only ownership of RCGJ.

      7.      Likewise, if real property conveyance were intended, the "Conveyance" would have included a full legal description (the Conveyance does not even mention Travis County, *and would have required the Conveyance to be notarized* to authorize filing in the Real Property

Records of Travis County, Texas. Neither was included in the conveyance and recording of the Conveyance *was never attempted as a real property transfer of title*. [*See*, Trustee's Complaint pg.9 ¶29 -The document was never recorded"; [*See*, Trustee's Complaint pg.9 ¶29] "the document is wholly insufficient under Texas law to convey real property";   "RCGJ  never transferred any property to the Trust under this document, including Unit 5." [ *See, Id*.]

8. From and after this "Conveyance" in June 2017 of ownership of RCGJ, LLC to the Trust, Unit 5 was considered and treated just as the Chapter 7 Trustee said it was represented by the Alex Jones in his bankruptcy:

> the Debtor affirmatively represend in certain sworn schedules *that Unit 5 is owned by the Alexander E. Jones Descendant and Beneficiary Trust (the "Trust")*" [*See*, pg. 2. ¶ 3 Adv. 25-03420] (Emphasis Added).

*See, also* <u>Footnote 3 on pg. 2</u> of this Chapter 7 Trustee' Adversary Complaint that recounts this sworn representation as contained in: (i). the First Amended Schedules [Dkt. No, 231, pg. 4 of 57; (ii). the Second Amended Schedules [Dkt 242, pg. 4 of 35], and  (iii)  Conversion Schedules [Dkt No 749, p. 4 of 54] that Unit 5 was owned by the Trust. So also, in those schedules according to the Trustee's Complaint (*See*, footnote 2, pg. 2):

> "… the Debtor did not disclose his interest in RCGJ [dkt No, 161 pg. 11 of 43 or the existene of Unit 5 in his original sworn schedules [dkt. No. 161 pg. 1 through 43].  While the debtor disclosed his interest in the Trust in his original scheduled … *he woud later represent that it owned valuable real property including Unit 5* [DktNo. 161pgg. 18 of 33]  [Emphasis Added].

All of these representations are accurate and totally refute the claims of the Trustee that the Conveyance was intended to convey real property and that it was a grand scheme of Alex Jones and his father to defraud his creditors (the Connecticut Plaintiffs and Texas Plaintiffs, that did not exist even as a contingent unliquidated personal injury claim until a year later).

9. The Debtor, by the Conveyance, conveyed ownership of RCGJ that carried with it

Unit 5 as its owned asset through RCGJ, LLC.  And, the Debtor never made any attempts to use this Conveynce to convey title to Unit 5 as a real property conveyance, as admitted in the Trustee's Complaint: "No other document has been filed with the County Clerk since 2016 conveying unit 5 to any new owner, including the Trust." *Id*. pg. 8, ¶ 24.  The Chapter 7 Trustee admits throughout its Complaint that David Jones and Alex Jones always maintain that Unit 5 *is owned by the Descendant and Beneficiary Trust,* which is reflected in the Conveyance transferring all RCGJ, LLS rights in Unit 5 to the  an asset of that Trust.

10. Notwithstanding that all of the transactions pre-dated that litigation by almost a year, [suits that were filed without demand for retraction or any notice of any claim for almost 5 years after the events of 2013] the Chapter 7 Trustee, knowing this Court's podium is a direct pipeline to the press, made up defamatory and illegitimate statements fraud and sham transactions as if fact, including the following quotes from the Chapter 7 Trustee's Complaint:

> 5. "The Debtor understood he was facing massive liabilities and he went to extraordinary lengths to try to keep his nonexempt assets for himself, including sham transactions to transfer assets iinto entities that he believedwold be beyond the reach of creditors.  Notwithstanding best efforts to move assets outside the reach of creditors, … [Id. at pg. 3]
>
> 35.    … the Debtor disavows the true ownership of Unit 5 and continues to endorse *the false narrative* that it was conveyed to th Trust."

These statements are false, and chronologically impossible.  The Chapter 7 Trustee makes these implausibly false claims to inflame further hatred of Alex Jones *and his family* and not for any legitimate purpose under these facts and circumstances plead or plausible as plead.

11. David Jones seeks an order of this Court striking these defamatory statements and ordering the Chapter 7 Trustee to replead without such language or allegations and without continued disparagement of Alex Jones and his family regarding the ownership and handling of RCGJ and Unit 5..

## II.
## AFFIRMATIVE DEFENSES

12. David Jones Trustee and Manager assert the statute of limitations

13. David Jones Trustee and Manager assert laches.

14. David Jones Trustee and Manager assert the statue of repose.

15. David Jones Trustee and Manager assert waiver by conduct.

16. David Jones Trustee and Manager assert estoppel and quasi-estoppel.

17. David Jones Trustee and Manager abuse of process.

18. David Jones Trustee and Manager assert the defense of ratification.

19. David Jones Trustee and Manager assert that neither Trustee nor any other creditor is a lien creditor or purchase for consideration prior to notice being given through recordation in the real property records or notice under Tex. Prop. Code § 13.001, and the deed and subsequent recordation with notarization is binding under Section 13.001.

## III.
## SPECIFIC RESPONSES

20. Preliminary Statement Regarding These Specific Responses:  First, most all of the allegations by the Chapter 7 Trustee in this Adv-03420 Complaint (the "Complaint") referene actions and conduct of third parties without any clear reference to fact that Defendant was aware, participating, or in some manner directed the conduct.  Accordingly, most of the statements regarding third-party Alex Jones are subject to third-party proof and does not require the Defendant to admit or deny such third-party claims.   Second, with preserving all rights to privacy and confidentiality, including all HIPPA rights to non-disclosure of to the public, David Jones is currently scheduled for serious surgery arising from a head-on collision involving David Jones resulting in not only serious bodily injury but temporary inability to recall clearly many historical

facts. According, Defendant reserves the right to expand, correct, or in any other manner supply more detailed responses upon his conditions improving.

21. David Jones Trustee and Manager is not required to admit or deny the satatements of Plaintiff's claims set out in ¶ 1. This pleading speaks for itself.

22. David Jones Trustee and Manager denies the allegations of ¶ 2 of the Complaint regarding the statement "once the Debtor decided to disclose the existence of Unit 5" as a misleading and improper implication of conduct of Alex Jones and denies the remainder of ¶ 2 as to conduct, and can neither admit or deny the allegations of value of Unit 5.

23. David Jones Trustee and Manager admits the allegations of ¶ 3 of the Complaint that Alex Jones always represented that the Trust owned Unit 5.

24. David Jones Trustee and Manager admits the allegations of ¶ 4 of the Complaint that Unit 5 is owned by RCGJ and further states that RCGJ has been owned by the Trust since mid-2017 and long before Defendant had any knowledge of any threatened suit by the Connecticut and Texas Plaintiffs, and denies that Defendant has contradicted this ownership by the Trust, and any additional allegations in ¶ 4 are therefore denied.

25. David Jones Trustee and Manager denies the allegations of ¶ 5 of the Complaint as implausible, and cannot admit or deny what a third-party "understood" and denies that Alex Jones family participated in any effort to hide, secret, or defraud creditors.

26. David Jones Trustee and Manager admits the allegations of ¶ 6 of the Complaint that this Court has certain limited jurisdiction and agrees that venue is proper, but denies this ia a "core" proceeding that does not allow a jury trial. Defendant demands trial by jury of the Trustee's allegations.

27. David Jones Trustee and Manager does not consent to the entry of a final order by this Bankruptcy Court but seeks trial before the United States District Court.

28. David Jones Trustee and Manager is not required to admit or deny ¶ 10 of the Complaint regarding parties.

29. David Jones Trustee and Manager denies the allegations of ¶ 11 of the Complaint regarding ownership of RCGJ.

30. David Jones Trustee and Manager admits the allegations of ¶ 12 of the Complaint that the Trust was created under Texas law as a grantor trust with David Jones serving as Trustee. David Jones neither admits or denies claims of third parties but denies that there is any incorrect contention of ownership of Unit 5 by the Trust.

31. David Jones Trustee and Manager generally admits, but has no personal knowledge of the historical facts set out in ¶¶ 13 through 20 of the Complaint.

32. David Jones Trustee and Manager admits the allegations of ¶ 21 of the Complaint.

33. David Jones Trustee and Manager admits the allegations of ¶ 22 of the Complaint.

34. David Jones Trustee and Manager admits the allegations of ¶ 23 of the Complaint.

35. David Jones Trustee and Manager admits the allegations of ¶ 24 of the Complaint.

36. David Jones Trustee and Manager admits the allegations of ¶ 25 of the Complaint.

37. David Jones Trustee and Manager admits the allegations of ¶ 26 of the Complaint.

38. David Jones Trustee and Manager admits the allegations of ¶ 27 of the Complaint except that not all payments referenced were paid by the Debtor, which are denied.

39. David Jones Trustee and Manager can neither admit or deny claims of third-parties or third-party counsel as set out in ¶ 28 of the Complaint, although Defendants have defended ownership of Unit 5 consistently since taking ownership of RCGJ.

40. David Jones Trustee and Manager denies the allegations of 29 of the Complaint except facts stated in the Conveyance are admitted and affirms that the Conveyance could not have been intended to be a transfer of real property, but only the ownership of RCGJ. David Jones Trustee and Manager also notes that deed are not required to be notarized or recorded to be binding, and that at the time of the recording of any notice of title that there was no judgment lien for a creditor which was prior in time under Chapter 13 of the Texas Property Code.

41. David Jones Trustee and Manager denies the allegations of ¶ 30 of the Complaint.

42. David Jones Trustee and Manager admits the allegations of ¶ 31 of the Complaint regarding Alex Jones representation that Unit 5 was transferred to the trust and denies the otherwise implausible conclusions of in ¶ 31.

43. David Jones Trustee and Manager admits the allegations of ¶ 32 of the Complaint but denies that allegation that any such representation "seriously undermines the credibility" of Alex Jones, the Defendant, or David Jones.

44. David Jones Trustee and Manager can neither admit or deny the allegations of ¶ 33 of the Complaint regarding condo Unit 6 but admits the transfer of Insurance as listed in the referenced schedules.

45. David Jones Trustee and Manager admits the allegations of ¶ 34 of the Complaint.

46. David Jones Trustee and Manager denies the allegations of ¶ 35 of the Complaint.

47. David Jones Trustee and Manager denies the allegations of ¶ 36 of the Complaint that Alex Jones consistently represented the ownership of Unit 5, but otherwise denies that allegations and statements of ¶ 36, and neither admits or denies the legal conclusion of exempt property of the third-party Alex Jones,

48. David Jones Trustee and Manager cannot admit or deny the allegations of ¶ 37 of the Complaint calling for valuation of Unit 5.

49. David Jones Trustee and Manager admits the allegations of ¶ 38 of the Complaint.

50. David Jones Trustee and Manager admits the allegations of ¶ 39 of the Complaint.

51. David Jones Trustee and Manager admits that Defendant has not furnished the accounting referenced in ¶ 40 of the Complaint to the Trustee or Alex Jones.

52. With respect to the remainder of the allegations by the Trustee reflected in ¶41-¶54, these are legal claims that require no admission or denial. To the extent that one is required, the prior positions stated above are incorporated herein, and the rest of the allegations are hereby denied, conditionally, if response is deemed required for these legal claims and conclusions.

## IV.
## JURY DEMAND

53. RCGJ, LLC ("RCGJ") and its manager David R. Jones, Trustee for The Alexander E. Jones Descendant and Beneficiary Trust demand a jury trial of all issues properly tried to a jury.

## V.
## WITHDRAWAL OF THE REFERENCE TO THE UNITED STATES DISTRICT COURT

54. RCGJ, LLC ("RCGJ") and its manager David R. Jones, Trustee for The Alexander E. Jones Descendant and Beneficiary Trust request that this case reference be withdrawn to the United States District Court for the Southern District of Texas (Houston Division) to conduct the jury trial demanded, and further requests an order of the District Court referring for all pre-trial matters involving this Adversay Proceeding back to the bankruptcy court, for a report of trial-ready when the bankruptcy court directs.

WHEREFORE, RCGJ, LLC ("RCGJ") and its manager David R. Jones, Trustee for The Alexander E. Jones Descendant and Beneficiary Trust prays of for an order and judgment of this Court that the Trustee take nothing in their case, and for such other and further relief to which Defendants may be entitled, at law or in equity.

Dated:  August 15, 2025

*Alan Daughtry*
Alan Daughtry
Federal Bar No.: 27989
State Bar of Texas No.:  00793583
3355 W. Alabama, Suite 444
Houston, Texas  77098
Tel: (281) 300-5202
Fax: (281) 404-4478
alan@alandaughtrylaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2025, a true and correct copy of the foregoing document was served via e-file/e-mail in accordance with CMEF:

Joshua W. Wolfshohl (Bar No. 24038592)
Michael B. Dearman (Bar No. 24116270)
Jordan T. Stevens (Bar No. 24106467)
PORTER HEDGES LLP
1000 Main Street, 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Facsimile: (713) 226-6248
jwolfshohl@porterhedges.com
mdearman@porterhedges.com
jstevens@porterhedges.com

and

Erin E. Jones (TX 24032478)
JONES MURRAY LLP
602 Sawyer Street, Suite 400
Houston, Texas 77007
Telephone: (832) 529-1999
Fax: (832) 529-3393
erin@jonesmurray.com
**Counsel for Christopher R. Murray, Chapter 7 Trustee**

                                         */s/ Alan Daughtry*
                                         Alan Daughtry